Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2000
San Francisco, CA 94105-1104
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: gheaton@duanemorris.com

Attorneys for Plaintiff and Chapter 7 Trustee
E. LYNN SCHOENMANN

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br>THE ELITE CAFÉ, INC.,<br>Debtor. | Case No. 06-31144 TC<br>Chapter 7 |
| E. LYNN SCHOENMANN, Trustee,<br>Plaintiff,<br>v.<br>THOMAS CLENDENING,<br>Defendant. | A.P. No.<br>**COMPLAINT FOR:**<br>**(1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER;**<br>**(2) RETURN OF IMPROPER SHAREHOLDER DISTRIBUTION; AND**<br>**(3) OBJECTION TO CLAIM** |

E. Lynn Schoenmann, Chapter 7 trustee, alleges:

**JURISDICTIONAL ALLEGATIONS**

1. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001 et seq. and sections 323, 502, 541, 544, 548 and 550 of the Bankruptcy Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

DM3\493682.1     1

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER, ETC.**

3. Venue is proper pursuant to 28 U.S.C. § 1409.

4. This adversary proceeding is a core proceeding as that term is defined at 28 U.S.C. § 157(b)(2)(A), (B), (H) and (O).

5. This Court may enter a final judgment herein, subject to review by the United States District Court under 28 U.S.C. § 158.

## GENERAL ALLEGATIONS

6. On or about December 1, 2006 (the "Petition Date"), The Elite Café, Inc. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court").

7. Plaintiff E. Lynn Schoenmann ("Trustee"), is the duly appointed, qualified and acting chapter 7 trustee of the Debtor's bankruptcy estate.

8. The Trustee is informed and believes, and based thereon alleges, that the Debtor is a corporation organized under the laws of the State of California.

9. The Trustee is informed and believes, and based thereon alleges, that defendant Thomas Clendening ("Defendant") is, and at all times relevant was, an individual domiciled in the State of California.

10. The Trustee is informed and believes, and based thereon alleges, that Defendant is, and at all times relevant was, the Debtor's president and a 40% shareholder of the Debtor.

11. The Trustee is informed and believes, and based thereon alleges, that Defendant is an insider of the Debtor, as that term is defined at 11 U.S.C. § 101(31).

12. The Trustee is informed and believes, and based thereon alleges, that on or about November 3, 2005, SKK Restaurant Group, LLC purchased substantially all of the Debtor's

DUANE MORRIS LLP  
SAN FRANCISCO

assets for $502,000.00 in cash and a promissory note in the amount of $60,000.00, hereafter referred to as the "Asset Sale."

13. The Trustee is informed and believes, and based thereon alleges, that Defendant received approximately $203,585.06 of the cash proceeds from the Asset Sale, or such other amount as determined according to proof, hereafter referred to as the "Transfer."

**FIRST CLAIM FOR RELIEF**
**(Avoidance of FraudulentTransfer)**
**[11 U.S.C. § 548(a)(1)(B)]**

14. The Trustee incorporates by this reference and realleges each of the foregoing paragraphs of this Complaint.

15. The Trustee is informed and believes, and based thereon alleges, that the Transfer was made within two years of the Petition Date.

16. The Trustee is informed and believes, and based thereon alleges, that Debtor did not receive reasonably equivalent value in exchange for the Transfer.

17. The Trustee is informed and believes, and based thereon alleges that:

(I) Debtor was insolvent on the date that the Transfer was made, or became insolvent as a result of the Transfer, and/or

(II) Debtor was engaged in a business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; and/or

(III) Debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured; and/or

(IV) The Transfer was made to or for the benefit of Defendant, an insider of the Debtor, pursuant to an employment contract and not in the ordinary course of business.

18. Pursuant to 11 U.S.C. § 548, the Trustee may avoid the Transfer.

**WHEREFORE**, the Trustee prays for judgment as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
### (Avoidance of Fraudulent Transfer)
### [11 U.S.C. § 544; Civil Code § 3439.04(a)(2)]

19. The Trustee incorporates by this reference and realleges each of the foregoing paragraphs of this Complaint.

20. The Trustee is informed and believes, and based thereon alleges, that Debtor did not receive reasonably equivalent value in exchange for the Transfer.

21. The Trustee is informed and believes, and based thereon alleges, that at the time of the Transfer, (A) Debtor was engaged or was about to engage in a business or transaction for which the remaining assets of Debtor were unreasonably small in relation to the business or transaction, and/or (B) Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due; and as such, the Transfer is avoidable pursuant to California Civil Code § 3439.04(a)(2).

22. Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid the Transfer.

**WHEREFORE**, the Trustee prays for judgment as hereinafter set forth.

## THIRD CLAIM FOR RELIEF
### (Avoidance of Fraudulent Transfer)
### [11 U.S.C. § 544; Civil Code § 3439.05]

23. The Trustee incorporates by this reference and realleges each of the foregoing paragraphs of this Complaint.

24. The Trustee is informed and believes, and based thereon alleges, that Debtor did not receive reasonably equivalent value in exchange for the Transfer.

25. The Trustee is informed and believes, and based thereon alleges, that at the time of the Transfer, Debtor was insolvent or became insolvent as a result of the Transfer, and that the Transfer is avoidable pursuant to California Civil Code § 3439.05.

26. Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid the Transfer.

**WHEREFORE**, the Trustee prays for judgment as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF
### (Recovery of Avoided Transfer)
### [11 U.S.C. § 550]

27. The Trustee incorporates by this reference and realleges each of the foregoing paragraphs of this Complaint.

28. The Trustee may avoid the Transfer pursuant to 11 U.S.C. §§ 544(b) and 548.

29. Accordingly, the Trustee may recover the amount of at least $203,585.06 from Defendant, in addition to such other amounts as are established according to proof, for the benefit of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 550(a).

**WHEREFORE**, the Trustee prays for judgment as hereinafter set forth.

### FIFTH CLAIM FOR RELIEF
### (Return of Improper Shareholder Distribution)
### [Cal. Corp. Code §§ 501, 506; 11 U.S.C. §§ 323, 541]

30. The Trustee incorporates by this reference paragraphs 1 through 13 of the Complaint, inclusive, as if set forth in full herein.

31. The Trustee is informed and believes, and based thereon alleges, that the Debtor made the Transfer to Defendant as a distribution on account of Defendant's status as a shareholder of the Debtor.

32. The Trustee is informed and believes, and based thereon alleges, that as a result of the Transfer, the Debtor was, or was likely to be, unable to meet its liabilities as they matured.

33. The Trustee is informed and believes, and based thereon alleges, that the Transfer was made in violation of California Corporations Code §§ 501 and 506.

34. As the representative of the Debtor's estate, the Trustee may recover the Transfer pursuant to California Corporations Code § 506.

**WHEREFORE**, the Trustee prays for judgment as hereinafter set forth.

### SIXTH CLAIM FOR RELIEF
(Objection to Claim)
[11 U.S.C. § 502(d)]

35. The Trustee incorporates by this reference and realleges paragraphs 1 through 29 of this Complaint, inclusive, as if set forth in full herein.

36. The Trustee is informed and believes, and based thereon alleges, that Defendant may file a proof of claim in the Debtor's bankruptcy case.

37. Each and every claim of Defendant herein should be disallowed to the extent that Defendant has not surrendered the Transfer, which is avoidable under the above claims for relief, but without limitation as to any and all other grounds of disallowance not presently known to the Trustee but that may be established according to proof.

**WHEREFORE**, the Trustee prays for the following relief:

### PRAYER

### FIRST THROUGH FOURTH CLAIMS FOR RELIEF

38. For entry of judgment avoiding the Transfer, or such other amount as established according to proof, pursuant to 11 U.S.C. §§ 544(b) and 548, and California Civil Code §§ 3439.04(a)(2) and 3439.05;

39. For judgment in the sum of at least $203,585.06, or such other amount as established according to proof;

40. For an order directing payment thereof by Defendant to the Trustee;

### FIFTH CLAIM FOR RELIEF

41. For entry of judgment directing Defendant to return the amount of the Transfer, or such other amount as determined according to proof, to the Trustee pursuant to California Corporations Code §§ 501 and 506.

42. For judgment in the sum of at least $203,585.06, or such other amount as established according to proof;

### SIXTH CLAIM FOR RELIEF

43. For entry of judgment disallowing any and all of Defendant's claim(s) herein until and unless the amount of the Transfer, together with all interest accruals thereupon, have been surrendered to the Trustee;

### FOR ALL CLAIMS FOR RELIEF

44. For interest on all sums at the legal rate from the date of the Transfer;

45. For all costs of suit incurred herein; and

46. For such other and further relief as the Court deems proper.

Dated: March 21, 2007            **DUANE MORRIS LLP**

By:     /s/ Geoffrey A. Heaton (206990)
         GEOFFREY A. HEATON
Attorneys for Plaintiff and Chapter 7 Trustee
         E. LYNN SCHOENMANN